## COWAND ET ALS. *vs.* REYNOLDS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The surety of the vendor of a slave who warrants only the title, is not liable for expenses to which the vendee is put in consequence of the slave being affected with the redhibitory vice of running away.

But the vendor and surety are equally responsible on their warranty of title, for the damages incurred in case of eviction.

The defendant guarantied to the plaintiffs the title to a mulatto boy, which they had purchased as a slave from one Campbell, in the state of Mississippi. It having been ascertained that the boy was free at the time of the sale, the

present action was brought to recover from the defendant on his guarantee of title, the amount of expenses incurred by the plaintiffs while the boy was in their possession. There was a verdict and judgment for the plaintiffs, and the defendant appealed.

*McCaleb,* for appellant, contended:

1. That the defendant was not bound to pay, because he guarantied *title,* and not against *the vice of running away. C. C.* 3006—8.

2. The contract was made, and act of sale passed in the state of Mississippi. *Lex loci contractis* must govern. The common law prevails in Mississippi, and under it the defendant is responsible for nothing but the *title.*

*Preston, contra:*

1. The defendant gave a general guarantee of title, and is liable to every thing accessary to that guarantee. *C. C. art.* 3009.

2. The common law is the same as our own as to the responsibility of a covenanter, or one who is sued by action of deceit in a sale, and the surety of the guarantee by the very words is liable to the same. *8th Mass. Reports.* 221. 1 *Johnson's Rep.* 275.

*Mathews, J.* delivered the opinion of the court.

This is a suit against the surety, in warranty, of a vendor of a slave, to recover damages which the plaintiffs allege they incurred in relation to said slave in consequence of various expenses which they were compelled to pay for his safe keeping, clothing, medical bills, &c.

The cause was tried by a jury a second time in the court below (a new trial having been granted after the first jury had passed upon it) who gave a verdict in favor of the plaintiff for two hundred and sixty-six dollars and ninety cents, on which judgment was rendered, and the defendant appealed.

It appears from the evidence of the case, that a mulatto man had been sold to the plaintiffs, by Jos. B. Campbell, as a

slave for life.  The deed of sale was made in the state of Mississippi, and the present defendant bound himself to guaranty the title to said mulatto, by signing a short instrument to that effect written under the bill of sale.  The individual thus sold as a slave was found to have been free at the time of the sale, and consequently the vendor was without title.  The title having failed, the vendees sued both seller and surety, and obtained a judgment for restitution of the price, &c.

The testimony shows that the plaintiffs were compelled to pay the amount as found by the jury on account of expenses incurred by the absconding, sickness, &c. of the pretended slave, whilst in their possession, under the title as guarantied by the defendant ; and the only question in the case is, whether he is legally bound to refund to them the money in this manner disbursed, according to a just interpretation of the obligations of his contract.

The surety of the vendor of a slave who warrants only the title, is not liable for expenses to which the vendee is put in consequence of the slave being affected with the redhibitory vice of running away.

A considerable part of the disbursements made by the plaintiffs, was in consequence of the conduct of the person sold, which had he been a slave, would probably have constituted the redhibitory vice of running away, and for which the surety by the terms of his contract, being only a warrantor of the title, would not be bound, whatever may be the obligations imposed by law on the seller.  The responsibility of the former must, therefore, be tested according to the provisions of law which determine the obligations and responsibility of settlers to purchasers in cases of eviction.  These are ascertained by the *article* 2482 *of the Louisiana Code*, and amongst them is the obligation imposed on a vendor to pay any damages which a vendee may have suffered, besides the price that he has paid.  The sale in the present case may be considered as having been made in good faith, the seller not knowing at the time any defect in his title.  In consequence of the eviction, or the loss of title to the slave by the establishment of his freedom, which induces the same consequences, the damages for which the vendor is legally responsible above the price, are those only which the buyer has suffered in relation to the thing sold, *propter rem ipsam*, and such as he could

not consistently with his situation as possessor of the property, have avoided. Until the determination of the question, as to the liberty of the mulatto sold, the purchaser was under an absolute necessity of keeping him, in order that he might be identified before the court which held cognizance of that question, and to effect this purpose. It is shown by the evidence that the buyer was obliged to incur expenses in consequence of repeated absconding by the person held as a slave ; and these expenses were sustained *propter rem ipsam.* So were those paid to the physician, and also the charges of the counsel who appeared for the plaintiffs in relation to the suit concerning the right of holding in slavery the subject of the contract of sale.

EASTERN DIST.
*February,* 1832.

COWAND ET ALS.
*vs.*
REYNOLDS.

In considering the responsibility of the vendor in damages, to the vendees, this matter has not been examined in relation to redhibitory defects, but simply as a consequence of eviction, which renders unimportant the question whether the cause be decided by the laws of Mississippi or of this state. The primary cause of all the trouble and expense to which the appellees were put, in relation to the individual who was sold, is the want of right or title in the seller, who assumed to sell a free man as a slave ; and although he may have been in error as to his right, it is more just that he should bear the evil consequences of this error than that they should be imposed on the purchasers from him. We, therefore, conclude that the vendor would be legally subjected to the damages claimed by the plaintiffs in this suit under his warranty of title. It remains for us to inquire whether the same obligation be imposed on his surety. On this part of the case no doubt can rest. The *article* 3009 *of the Louisiana Code* is explicit : "A general and indefinite suretyship extends to all the accessories of the principal debt, &c." And we have already shown, that the damages now claimed are legal accessories of the principal sum demandable (viz. the price) in an action of warranty.

But the vendor and surety are equally responsible on their warranty of title for the damages incurred in case of eviction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.